Rochford v. Rothschild, et al.

---

## GUARANTY.

[Lucas Circuit Court, January 31, 1896.]

Bentley, Haynes and Scribner, JJ.

JOHN J., AND CAROLINE E. ROCHFORD v. DAVID ROTHSCHILD ET AL.

1. MOTION OF ACCEPTANCE OF ABSOLUTE GUARANTY NOT NECESSARY.
   Upon a guaranty by which sureties are formerly bound in a certain sum for goods furnished to a third party, notice of acceptance not necessary.

2. GUARANTY TO ESTABLISH LINE OF CREDIT PRESUMED TO BE A CONTINUING GUARANTY.
   When a guaranty is given to secure a line of credit for merchandise, the construction must be that it was intended as a continuing guaranty, and not merely a guaranty for the first bill sold.

ERROR to the Court of Common Pleas of Lucas county.

SCRIBNER, J.

On March 16, 1894, the defendants in error commenced an action in the court of common pleas of Lucas county, upon an alleged guaranty said to have been executed by the plaintiffs in error, to secure to them the payment for certain goods which they agreed to advance to the defendant, John J. Rochford. The petition below set up the guaranty or undertaking upon the part of defendants below, and it is in the following terms:

"Know all men by these presents, that we, John J. and Caroline E. Rochford, of Toledo, Ohio, as principals, and ————————, as sureties, are held and firmly bound unto Rothschild, Bending & Company, of Chicago, Illinois, in the sum of five hundred dollars, for the payment of which sum to the said Rothschild, Bending & Co., we hereby bind ourselves, our heirs, executors and administrators. The condition of this bond is such that whereas the said Rothschild, Bending & Co., will furnish to said John J. Rochford, merchandise and credit to the sum of five hundred dollars, on open account and shipment of cigars upon the order or requisition of said John J. Rochford at Toledo, Ohio. Now, if said obligors, or either, or legal representatives of all or either, shall fully indemnify against and save harmless the said Rothschild, Bending & Co.

from loss and make payment to the said Rothschild, Bending & Co. for the sum of credit given, not exceeding five hundred dollars, then this obligation shall be void, otherwise to remain in full force and effect in law.

" Witness our hand and seals, this 24th day of March, A. D., 1893.

"(Signed)   JOHN J. ROCHFORD.   (Seal.)

"CAROLINE E. ROCHFORD. (Seal.)

After setting forth the execution and delivery of this obligation, the petition alleges that the plaintiffs furnished to the defendants, the Rochfords—goods, at various times, to the amount of $1,262.71 ; and also that there had been paid upon the indebtedness so created the sum of $400, or thereabouts, leaving due a balance of $861.91.   There is attached to this petition and made a part thereof by reference, a statement of the account for the goods so furnished.   And the plaintiff prayed judgment against the defendants for this sum of $861.91.

The defendant, Caroline E. Rochford, answered.   The defendant, John J. Rochford, who was the husband of Caroline, was in default for answer.   The wife, for her answer to the petition filed herein, answered and denied each and every allegation in the petition contained.

When the case came on for trial, it appears from the record that the defendant, John J. Rochford, offered to confess judgment for the sum of $500—the balance prayed for in the petition being $861.91.   This offer on the part of John J. Rochford was accepted and a judgment rendered accordingly.   The defendant, Caroline E. Rochford, offered to confess judgment for $99, with interest from the 27th of October, 1893, with costs to date.   This offer was rejected.

Thereupon the case was tried to the court—a jury being waived— and the court found that there was due to the plaintiffs from the defendant, Caroline, the amount of the balance claimed in the petition, with interest.   The amount claimed in the petition herein, that is guaranteed, was $500 without interest.   The excess of the amount really due from the husband, no claim was made for as against the husband, the plaintiffs in the action being content to accept the offer to confess judgment for the sum of $500, which was the amount claimed to be due from the wife upon the bond.

There was a motion for a new trial of the case, which was overruled. A bill of exceptions was taken, embodying all the testimony in the case, which was made a part of the record, and this petition in error was filed by the plaintiff's creditors in a proceeding by the defendant, Mrs. Rochford, to reverse the judgment which had been rendered against her in favor of the plaintiffs, who were the creditors in the proceeding, and this petition in error and the questions arising upon it have been argued before us upon authorities.

Several questions are made, argued orally and presented in a brief by counsel.   One of these touches and bears upon the question of the nature of the guaranty ; and it is insisted in the presentation of that point, that the guaranty was of such a character that the wife was a mere surety in the obligation and was entitled to notice of the fact that the guaranty executed and delivered by her was accepted by the creditors.   That claim was based largely upon an early case reported in 10 State Reports, and which seems to bear out that proposition.   But this case was afterwards considered in Powers v. Bumcratz, 12 O. S., 273, and there the court hold :

Rochford v. Rothschild, et al.

"When upon a fair construction of the terms of a written obligation the party executing it binds himself to be responsible for goods to be sold to a third person, it is to be regarded as an absolute guaranty, and when acted on, in accordance with its terms, the liability of the guarantor attaches, and no notice to him of the acceptance of the guaranty, or of its having been acted on, is necessary."

The guaranty itself as it was executed, is set out in the report of the case, and it reads as follows:

"Whereas, Otto H. Moeller, of Somerset, is desirous of purchasing ꞵ .ods of Powers & Weightman, of Philadelphia, Pennsylvania, on a credit; now, in consideration of the premises, and for divers other good and valuable considerations, the receipt of which is hereby acknowledged, I, John M. Bumcratz, of Perry county, Ohio, for myself, my heirs and assigns, do hereby covenant and guarantee with said Powers & Weightman, that the said vendee shall punctually and promptly pay all sums of money which shall become due and payable to them, on account of said purchases, whether in notes, acceptances or book accounts, or whether the obligations originally given therefor shall have been changed, extended, renewed, or the amount thereof redrafted for, and that if the said vendee shall neglect so to pay the same, I will, and my heirs and assigns shall, pay the amount thereof, on demand, with all costs and expenses which said vendors shall incur by reason of non-payment thereof. This guaranty is for an amount not exceeding twelve hundred dollars indebtedness, which may exist at any one time."

There were authorities tending to support the views laid down in that case, which have been examined by us, and we are satisfied that under the current of authority and the doctrine established by Powers v. Bumcratz, *supra*, that the defendant, Mrs. Rochford, was not entitled to direct notice from the plaintiffs in the case that her guaranty was accepted. That guaranty I have already called attention to and have read its terms as they are stated in the record in this case. She there stipulates that she is firmly bound unto Rothschild, Bending & Co., of Chicago, Ills., in the sum of $500, "for the payment of which sum to the said Rothschild, Bending & Co., we hereby bind ourselves, our heirs, executors and administrators." "The condition of this bond is such that whereas the said Rothschild, Bending & Co. will furnish to said John J. Rochford merchandise and credit to the sum of $500, on open account and shipment of cigars upon the order or requisition of said John J. Rochford, at Toledo, Ohio." Now it will be observed that it is recited in the condition of the obligation that the creditors will furnish Rochford merchandise and credit to the extent of $500, "on open account and shipment of cigars upon the order or requisition of said John J. Rochford." That is to say, these dealers, as it is stated in the obligation executed by the defendant, have undertaken to furnish to Rochford, merchandise and credit in the sum of $500 on open account and shipment of cigars to the order of said Rochford; and if the obligors or their representatives shall indemnify and save harmless these parties for a sum not exceeding $500, then this obligation is to be void, otherwise to be in full force.

I cannot see why, if in the case of Powers v. Bumcratz, *supra*, the creditors are not required to give notice to the surety that they accepted the terms of the offer on the part of that surety, we see no reason why they were bound to give notice in this case. We think that is quite clear.

9   O. C. D.   4

Then it is urged again that the guaranty was not a continuing guaranty, or, rather, that it does not appear by the terms of the guaranty that it was to be treated and regarded as a continuing guaranty; and it is insisted that by the terms of this agreement the dealers were to furnish the goods to the husband for which the wife as surety would be liable for the payment to the extent that goods were so furnished, not exceeding $500 in value; so that if the husband had been furnished with a bill of goods to the amount of $500, he had paid that bill of goods, all liability upon the part of the wife was at an end. If afterwards he ordered an additional bill of goods, there was no liability on the part of the wife under this contract to pay for the goods so furnished in addition to the sum of $500.

Well, it appears to us, applying the general rule which is applied in such cases, with such parties, the object had in view in entering into this arrangement, the purpose for which credit was furnished and the goods were furnished—that that would be a very unnatural construction to give to this transaction and not at all in line with what might be deemed to be the clear purpose and intention of the parties in entering into the arrangement. That is to say—the husband proposed to enter into business, the selling of cigars and articles of that character. He applies to these plaintiffs and seeks to obtain from them the goods with which to enable him to embark in this business, and to obtain these goods upon credit. The dealers say: "We will furnish these goods to you upon credit on a running account"—as they stated in the bond itself—"provided you give us security to the extent of $500 for the goods that we so furnish you on account." And the arrangement is entered into. It does not contemplate, as it appears to us that this husband shall be furnished with goods, credit, to the extent of $500 and that the parties shall there stop and that the moment he has purchased and disposed of goods to the amount of $500, that his line of credit shall be at an end. That would practically result, in all probability, in stopping the business after he had got fairly started in it. The construction of this agreement, as we think—especially in view of the authorities that have been brought to our attention bearing upon the question, is, and a fair construction of it is, as we understand it, that the creditors shall furnish goods; they shall accommodate this husband who proposes to embark in business, with a line of credit to the extent of $500 "on open account," as the article says, "and shipment of cigars upon the order or requisition of said John J. Rochford."

Now, without consuming time in the elaboration of this, I will simply refer to some cases to which our attention has been called in argument.

The first is Birdsall v. Heacock, 32 O. S., 177. This is a case cited in behalf of defendants. There the guaranty was a letter addressed to some lumber merchants and was in the following language:

"Please send my son the lumber he asks for and it will be all right."

And the syllabus says that this language "is a guaranty that the lumber sold and delivered to the son at the time of its presentation will be paid for." And it seems to me that the construction which the court gave to that guaranty so made was reasonable. The letter did not import to the creditor that he was to be furnished with goods upon open account upon the requisition or order of the husband. We understand by the stipulation that the goods were to be furnished upon open account as ordered, imports fairly that there is to be a running account entered

into between the parties, the contract between the parties, by the terms of which the husband here is to be furnished goods as he may order them, and that the wife will be liable, the guarantor, to the extent not to exceed $500.

Morgan v. Boyer, 39 O. S., 324, is referred to, and there the court applies the proper principle, we think, the doctrine that contracts of this character are to be construed strictly; and undoubtedly they should be. The court say: "A guarantor, like a surety, is bound only by the express terms of his contract." But we cannot see, under the language of that syllabus, that the stipulation that the goods should be furnished on an open account to the extent of $500, would imply that there was to be no liability upon the part of the guarantor for the goods furnished up to the line of $400.

Tootle v. Elgutter in 14 Neb., 158, seems to be in point. There the guaranty was in this form:

"Please let Mr. John Newman have credit for goods to the amount of $100, and for the payment of which I hold myself responsible."

This was signed by the defendant. The court held that this was a continuing guaranty; and, in their opinion, quote the case of Ringe v. Judson, 24 N. Y., 64, where the guaranty was as follows: "Mr. Ringe, sir: I will be accountable to you that Mr. Butler will pay you for a credit on glass, paints, etc., which he may require in his business, to the extent of fifty dollars."

The court say: "This was held to be a continuing guaranty, and the limitation was, as to the extent of the guarantor's liability, and not of the credit to be given."

It is hardly necessary to follow this matter farther. Our conclusion is that the judgment of the court of common pleas was right and it should be affirmed, and is so ordered accordingly.